** Part I of Part II ** STATE PERSONNEL BOARD — HEARINGS PROCEDURE (1) The procedures to be followed pertaining to hearings under 74 O.S. 833 [74-833] (1970), relating to the discharge, suspension or demotion of a State employee, require the appointing authority to come forward first with its proof and sustain the burden of the issues in support of its decision. In coming forward first with its proof, the appointing authority must meet that burden by presenting "substantial evidence" upon which the State Personnel Board may rely in reaching its decision. The employee may then present any witnesses in his behalf or any other evidence to support his position. (2) The procedures to be followed pertaining to hearings under 74 O.S. 954 [74-954] (1970), 74 O.S. 833 [74-833] (1970), and 74 O.S. 818 [74-818] (1961), relating to individuals charging State agencies with discrimination, require the complainant to come forward first with his proof and meet that burden by presenting "substantial evidence" upon which the State Personnel Board may rely in reaching its decision. The agency may then present any witnesses in its behalf or any other evidence to support its position. (3) The procedure to be followed pertaining to hearings under 74 O.S. 818 [74-818] (1961), and conducted pursuant to 75 O.S. 309-312 [75-309] — [75-312], with the exception of discrimination complaints, require the State Personnel Board to come forward first with its proof and meet that burden by presenting "substantial evidence" upon which the Board may rely in reaching its decision. The individual may then present any witnesses in his behalf or any other evidence to support his position. (4) The procedures to be followed pertaining to hearings under 74 O.S. 817 [74-817] and 74 O.S. 817.2 [74-817.2] (1970), 74 O.S. 833 [74-833] (1970), relating to individuals charging they have been denied veterans' preference by a State agency, require the individual to come forward first with his proof and meet that burden by presenting "substantial evidence" upon which the State Personnel Board may rely in reaching its decision. The State agency may then present any witnesses in its behalf or any other evidence to support its position. The procedures to be followed in hearings relating to an agency's passing over and hiring other than a disabled veteran who is placed at the top of the register pursuant to Section 74 O.S. 817 [74-817] require the agency to come forward first with its proof and meet that burden by presenting "substantial evidence" upon which the State Personnel Board may rely in reaching its decision. The individual may then present any witnesses in his behalf or any other evidence to support his position. The Attorney General has had under consideration your letter in which you set forth the following "We would very much appreciate your guidance relative to the proper mechanics of procedure to be followed in the types of cases enumerated below: "1. Appeals by employees who were discharged, suspended or demoted. "2. Appeals by persons who are charging a state agency with unlawful discrimination in personnel administration. "3. Public hearing and preliminary activities concerning persons who are charged with prohibited acts under 74 O.S. 818 [74-818] (1961), other than discrimination." "4. Appeals by persons who are denied Veterans' Preference. The Merit System of Personnel Administration is found generally in Chapter 27 of Title 74 of the Oklahoma Statutes. Under this Act two categories of state jobs were created: unclassified service and classified service. State employees in "classified service" are subject to the provisions of the merit system, whereas those employed in the "unclassified service" or otherwise outside of the Act are generally not subject to the provisions of the Merit System Act. Title 74 O.S. 803 [74-803] and 74 O.S. 803.1 [74-803.1] (1970) specifically exempt certain positions from the classified service. The Merit System Act, 74 O.S. 804 [74-804] (1961), created a State Personnel Board which was to administer the Act. Sections 831 and 832 of the Act set forth the manner in which persons employed in the classified service may be hired or promoted and charges the State Personnel Board with overall supervision of this procedure. Similarly, 74 O.S. 833 [74-833] (1970), provides for the discharge, suspension or demotion of an employee, and specifies the type of notice, appeal and hearing which must be provided by the State Personnel Board. Title 74 O.S. 833 [74-833] (1970), provides as follows: "Any employee in the classified service may be discharged, suspended without pay for not to exceed sixty days, or demoted by the agency, department, institution, or officer by whom employed for misconduct, insubordination, inefficiency, habitual drunkenness, inability to perform the duties of the position in which employed, willful violation of this act or of the rules prescribed by the State Personnel Board, conduct unbecoming a public employee, conviction of a crime involving moral turpitude, or any other just cause, and for the investigation and hearing of appeals on such discharge, suspension, or demotion. An intra-agency transfer shall not be cause for appeal. A State Agency shall have sole and final authority to designate the place or places where its employees shall perform their duties; and the State Personnel Board shall not have jurisdiction to entertain an appeal of an employee from action of the Employing Agency transferring the employee from one county or locality to another or changing the assigned duties of the employee, or relieving the employee from performance of duty at a particular place and reassigning to the employee duties to be performed at another place, if the same does not result in a change in job classification or reduction of salary. Within five days after such discharge, suspension, or demotion, the appointing authority shall notify said employee by certified mail of the actions taken and the specific cause under which said appointing authority has so acted. Within fifteen days after receiving written notification herein provided, any employee may file a written appeal to the State Personnel Board for a hearing on said discharge, suspension, or demotion. "Within five days after receipt of such appeal request, the Board shall serve said employee with a written notice of the hearing which shall be no later than thirty-five days from the receipt of the appeal in form as follows: Notice of Hearing State Personnel Board to ______ You are hereby notified that pursuant to your request an appeal hearing on your (discharge), (suspension), (demotion), from the position of has been set for the day of at _____ M. at _____ in, a copy of said cause for your (discharge), (suspension), (demotion), being hereto attached. Dated this day of City of _____ By ______ Director, State Personnel Board. "The employee so appealing shall have the right to present witnesses in his behalf or any other evidence to support his position. "The appointing authority concerned shall appear in person or shall designate a representative to appear in his behalf and shall present the agency's position in the personnel action. The Attorney General of the State of Oklahoma shall act as legal advisor to the Board, who shall rule upon the question of admissibility of evidence, competency of witnesses, and any other question of law where his ruling is requested, and such rulings of law shall be final. The hearing shall be conducted in accord with the Oklahoma rules of evidence. Within ten days after said hearing the Board, by a majority vote, shall prepare its findings in written form and shall so notify said employee. The findings shall be sustained or not sustained. If the employee is not sustained in the appeal, the employee shall be discharged, or suspended without pay for not to exceed sixty days, or be demoted. If sustained in the appeal in whole or in part, the Board may: (1) Adjudge a forfeiture of pay not in excess of sixty days, and without loss of other rights and benefits, or (2) order reinstatement of appellant with full rights and without loss of pay or other benefits. "Whenever the number of employees in any agency, department, or institution is reduced because of a shortage of funds or work, or a material change in duties or organization or for any other reason, the state agency shall, subject to the approval of the State Personnel Board, provide by rule for such reduction and layoff within the agency or department. The rule shall provide for adequate competition among employees in classes affected by the layoff or deduction in, force and for retention of employees based upon systematic consideration of type of appointment, length of service, and efficiency. Any employee removed under the provisions of this section shall be given consideration for employment, provided he meets the qualifications when appointments, or reappointments are made to said positions or other positions within any agency, department, or institution under the merit system of personnel administration within one year from the date of removal." A study of this statute reveals that the Legislature carefully defined the manner in which an employee in the classified service might be discharged, suspended without pay or demoted. Section 833 sets out the type of notice necessary for the agency to effectuate the discharge, suspension or demotion, and further specifically provides for the right of the employee to appeal to the State Personnel Board requesting a hearing and prescribes the time in which the hearing must be provided. An examination of the history of the Merit System Act reveals an interesting change in the statute. The original Act of 1959, 74 O.S. 812 [74-812] (1959), provided that the State Personnel Board "by rule shall establish a procedure in accordance with the provisions of this Act . . . for, the investigation and hearing of appeals on such suspension, reduction, demotion, discharge, transfer, layoff or any other termination of employment of an employee." (Emphasis added) The obvious legislative intent was to require the State Personnel Board to determine all procedures including that of the appeals hearing. In 1961, the 27th Legislature amended the 1959 Act by enacting House Bill 808. That Act removed the above language giving rulemaking authority to the State Personnel Board and by statute set out procedures for the conduct of a hearing. The only language remaining in the former Section 812 of the 1959 Act is obviously without meaning. That portion of Section 812, now codified as Section 833, with the 1959 language underlined herein is as follows: "Any employee in the classified service may be discharged, suspended without pay for not to exceed sixty days, or demoted by the agency, department, institution, or officer by whom employed for misconduct, insubordination, inefficiency, habitual drunkenness, inability to perform the duties of the position in which employed, willful violation of this act or of the rules prescribed by the State Personnel Board, conduct unbecoming a public employee, conviction of a crime involving moral turpitude, or any other just cause, and for the investigation and hearing of appeals on such discharge, suspension, or demotion." (Emphasis added) The underlined portion of the above quoted statute has no meaning when read with the other language and leaves only the conclusion that it was retained erroneously by the Legislature. The other provision for rule-making authority is found in Section 74 O.S. 805 [74-805](2) of Title 74, which provides in part that the Personnel Board shall: "Adopt, initiate the adoption of, approve, modify, reject, or establish such rules and regulations as may be necessary to give effect to the merit system of personnel administration as contemplated by this act." However, it is noted that this authority did not appear for the first time in the 1961 amendment to the Act, which otherwise could be construed to leave the authority to prescribe rules for the conduct of the appeals hearing with the Board. Instead, the quoted language was present in Section 805 of the 1959 Act. Thus it appears that the Legislature intended to remove the authority of the Board to prescribe rules for the hearing of appeals when it substituted statutory procedures. The complicating factor is that although Section 833 sets out most matters with particularity, the Legislature failed to specify the procedure to be followed in the actual conduct of the hearing. The statute provides that the Attorney General shall act as legal advisor to the Board and make rulings with respect to admissibility of evidence, competency of witnesses and other questions of law. It further provides that the hearing shall be conducted in accordance with the Oklahoma rules of evidence. However, the statute is silent as to which party must present its position first, and makes no reference as to which party has the burden of proof. Two primary questions arise concerning the manner in which the hearing under Section 833 should be conducted before the Board. The first is which party has the burden of proof and the second is which party presents evidence first. Generally speaking, in most legal proceedings, the party which has the burden of proof presents evidence first. Therefore, it would seem that the answer to one of the above questions would of necessity answer the other. Persuasive legal arguments can be made to establish that the agency should have the burden of proof. Likewise persuasive legal arguments can be made to place such burden or. 'he employee. Both are considered herein. From a pure legal standpoint there is argument that if the agency wants to discharge, suspend or demote an employee, it should have the burden of coming forward with sufficient evidence to substantiate a determination of misconduct on the part of the employee as enumerated in Section 833. In this regard, since such hearing before the State Personnel Board is truly the first "hearing" that the employee has had, it can be argued that the process of discharging, suspending or demoting includes the administrative review as a part of the total process. On the other hand the employee should have the burden of proof if it is argued that Section 833 provides for an appeal, which is a second step following a completed procedure at the appointing authority level where the decision made is final, subject only to subsequent appeal procedures. An appellant who is seeking a review of a decision by another body has the burden to show that the first decision was in error. It could likewise be argued that the Legislature in passing this Act was aware of the normal manner in which matters are "legally" appealed, and that by its very silence the Legislature intended the procedure to be the customary appellate procedure wherein the person seeking a review has the burden of sustaining his position. It is further noted in that regard the Legislature used the following language in Section 833: "The employee so appealing shall have the right to present witnesses in his behalf or any other evidence to support his position. "The appointing authority concerned shall appear in person or shall designate a representative to appear in his behalf and shall present the agency's opinion in the personnel action. . . ." Finally, it can be argued that the Legislature in enumerating what the employee could do prior to enumerating the agency's responsibility, assumed that the employee would go first and as previously mentioned would therefore have the burden of proof. To the contrary, the above language might indicate that the appointing authority "shall" do something while the employee "shall have the right" to do something. Regardless of the arguments that can be made by applying established legal rules, a close examination of the statutes reveals no statutory assignment of the "burden of proof" to either party. A similar review of the rules and regulations of the Board also discloses no such provision, and the treatment of the hearings has historically failed to require a "burden of proof". The most that has been provided by rule or practice is the order of presenting evidence. It is noted that a study of the old minutes of the Board are inconclusive. Before December 16, 1960, in hearings before the Board wherein State employees were appealing their discharges, the employee, as the appellant, was required to present his evidence first; the appointing authority then followed with its presentation. On that date, the Board changed the rules to provide that the appointing authority was to be first in the order of presenting evidence and the employee second. The question of "which party has the burden of proof" is a question of first impression, there being no precedent or legal authority in Oklahoma to use as a basis for guidelines. The inconclusiveness of the provisions in Section 833 as to burden or procedure requires us to look elsewhere to ascertain the intent of the Legislature. Title 74 O.S. 805 [74-805] (1970) provides in part: "The rules and regulations issued by the State Personnel Board shall be such as to satisfy the standards for systems of personnel administration issued by the Social Security Board under the Federal Social Security Act and such other personnel standards as have been specified by the other Federal Departments from which Federal grants are obtained for use by the several state departments covered within the exercise of the Governor's Executive Orders hereunder." Title 74 O.S. 839 [74-839] (1961), provides: "Any provision of this Act, or of Chapter 27, Title 74, O.S.Supp. 1959, 801 to 819, inclusive, entitled 'Merit System of Personnel f Administration,' which conflicts or is inconsistent with the federal rules, regulations, or standards governing the grant of federal funds to any agency or department is not applicable to such agency or department; the State Personnel Board is authorized and directed to vary the terms of its rules and regulations as applicable to agencies and departments of the State receiving grants from the Federal Government, or any agency thereof, to the extent necessary to enable such agencies or departments to comply with the conditions for Federal Grants." In conducting hearings the United States Government does not provide for a specific burden of proof on either party. In this regard the United States Civil Service Commission in its revised edition of Personnel Methods Theories, No. 16, January, 1968, "Conducting Hearings on Employee Appeals", Section 5 entitled Conduct of Hearing Procedures, at page 11, "Burden of Proof" states the following: "It is the responsibility of the agency to support the allegations on which the adverse action is based and it is the responsibility of the employee to support any claim he makes in his defense." The above quoted publication provides that in the conduct of a discharge hearing, the agency is required to proceed first. This differs from hearings on allegations of discrimination within the Federal system where the employee first presents his position. As a general matter the courts of Oklahoma follow the rule that the burden of proof rests upon the party asserting a fact, and the party upon whom rests the burden of the issue must first produce his evidence, Graves Farm Loan Investment Co. v. Vance,35 P.2d 896 (Okl. 1934); Wilson v. Moran, 197 P. 1051 (Okl. 1921). Or, stated differently, he who asserts an affirmative has the burden of proving it. Trademen's National Bank of Oklahoma City v. Harris, 291 P. 38 (Okl. 1930). Title 12 O.S. 577 [12-577] (1961), which deals with order of trial, provides in part: "Third. The party on whom rests the burden of the issues must first produce his evidence;. . ." The choice of language in Section 833, supra, is misleading in that it provides that the employee may file a "written appeal" to the State Personnel Board for a hearing on his discharge, suspension, or demotion. Under ordinary legal proceedings, an "appeal" would place a person in the position of proving an affirmative. However, it is our opinion that this is not the situation under the provisions of Section 833, and that use of the word "appeal" is legally incorrect. The employee has never had an adjudicative hearing wherein he has had an opportunity to present his position. He is merely requesting a hearing, called an "appeal" in the statute, from a decision which was made by his employer in which the employee took no part. The case of Cupps, Appellee v. City of Toledo, et al., Appellants, 18 Ohio Opinions 2nd Series 82 (Ohio 1961) arrives at the same conclusion under like reasoning. In that case it is stated: "It is argued by the city that, since the action of the appointing authority in dismissing the plaintiff must be accorded every presumption of legality, the plaintiff, if he would avoid the effect of the order of dismissal, must carry the burden before the civil service commission of showing that his dismissal is sufficient to establish a prima facie case and, in the absence of any evidence on behalf of the plaintiff to show a wrongful dismissal, he will lose. . . ." ". . . We do not, however, believe that either the philosophy of civil service legislation, generally, or the provisions of Section 143.27, Revised Code, specifically, permit of that conclusion." ". . . To be removed from that service as a result of certain specified actions, charges must be prepared and filed with the civil service commission, and the officer charged is entitled to an opportunity to explain and answer those charges. If the officer involved so desires, he may suffer a 'default judgment' to be entered against him by failing to explain or answer. If, however, he chooses to contest the matter he is entitled to a hearing before the civil service commission. Although designated as an 'appeal' in the statute, it is our opinion that the statute contemplates a 'trial' before the civil service commission. The officer is brought to 'trial' by the charges theretofore filed against him. In this respect the charges contained in the order or dismissal and the explanation or answer of the officer are much like the petition and answer in an ordinary civil action or the indictment and plea in a criminal action. The city is thus in the position of a plaintiff and the officer in that of a defendant. "It is a truism that 'he who alleges must prove.' The city, in a dismissal proceeding before the municipal civil service commission, alleges certain misconduct warranting dismissal of a civil servant. Having made the allegations, it devolves upon the city to prove them. The city, having the burden of proof before the civil service commission, must likewise carry the burden in an appeal on questions of law and fact under the provisions of Section 143.27, Revised Code." It is important to note that Section 143.27 of the Ohio Revised Code, quoted and relied upon in the discussion above, is similar in wording to 74 O.S. 833 [74-833] (1970). The pertinent portion of 74 O.S. 833 [74-833] (1970), reads: "Within fifteen days after receiving the written notification herein provided, any employee may file a written appeal to the State Personnel Board for a hearing on said discharge, suspension or demotion." (Emphasis added) ** NOTE: Overruled by Opinion No. 80-223 (1980) **
OPINION — AG — (1) THE PROCEDURES TO BE FOLLOWED PERTAINING TO HEARINGS UNDER 74 O.S. 1970 Supp., 833 [74-833] (70 O.S. 1971 833 [70-833]) RELATING TO THE DISCHARGE, SUSPENSION OR DEMOTION OF A STATE EMPLOYEE, REQUIRE THE APPOINTING AUTHORITY TO COME FORWARD FIRST WITH ITS PROOF AND SUSTAIN THE BURDEN OF THE ISSUES IN SUPPORT OF ITS DECISION. IN COMING FORWARD FIRST WITH ITS PROOF, THE APPOINTING AUTHORITY MUST MEET THE BURDEN BY PRESENTING "SUBSTANTIAL EVIDENCE" UPON WHICH THE STATE PERSONNEL BOARD MAY RELY IN REACHING ITS DECISION. THE EMPLOYEE MAY THEN PRESENT ANY WITNESSES IN HIS BEHALF OR ANY OTHER EVIDENCE TO SUPPORT HIS POSITION. (2) THE PROCEDURES TO BE FOLLOWED PERTAINING TO HEARINGS UNDER 74 O.S. 1979 Supp., 954 [74-954] (70 O.S. 1971 954 [70-954]), 74 O.S. 1970 Supp., 833 [74-833] AND 74 O.S. 1961 818 [74-818], RELATING TO INDIVIDUALS CHARGING STATE AGENCIES WITH DISCRIMINATION, REQUIRES THE COMPLAINANT TO COME FORWARD FIRST WITH HIS PROOF AND MEET THE BURDEN BY PRESENTING "SUBSTANTIAL EVIDENCE" UPON WHICH THE STATE PERSONNEL BOARD MAY RELY IN REACHING ITS DECISION. THE AGENCY MAY THEN PRESENT ANY WITNESSES IN ITS BEHALF OR ANY OTHER EVIDENCE TO SUPPORT ITS POSITION. (3) THE PROCEDURE TO BE FOLLOWED PERTAINING TO HEARINGS UNDER 74 O.S. 1961 818 [74-818], AND CONDUCTED TO 75 O.S. 1970 Supp., 309-312 [75-309] — [75-312] (70 O.S. 1971 309-312 [70-309] — [70-312]), WITH THE EXCEPTION OF DISCRIMINATION COMPLAINTS, REQUIRE THE STATE PERSONNEL BOARD TO COME FORWARD FIRST ITS PROOF AND MEET THE BURDEN BY PRESENTING "SUBSTANTIAL EVIDENCE" UPON WHICH THE BOARD MAY RELY IN REACHING ITS DECISION. THE INDIVIDUAL MAY THE PRESENT ANY WITNESSES IN HIS BEHALF OR ANY OTHER EVIDENCE TO SUPPORT HIS POSITION. (4) THE PROCEDURES TO BE FOLLOWED PERTAINING TO HEARINGS UNDER 74 O.S. 1970 Supp., 817 [74-817] 74 O.S. 1971 817 [74-817]! AND 74 O.S. 1970 Supp., 817.2 [74-817.2] 74 O.S. 1971 817.2 [74-817.2]! 74 O.S. 1970 Supp., 833 [74-833] [74-833] (74 O.S. 1971 833 [74-833]), RELATING TO INDIVIDUALS CHARGING THEY HAVE BEEN DENIED VETERANS' PREFERENCE BY A STATE AGENCY, REQUIRE THE INDIVIDUAL TO COME FORWARD FIRST WITH HIS PROOF AND MEET THE BURDEN BY PRESENTING "SUBSTANTIAL EVIDENCE" UPON WHICH THE STATE PERSONNEL BOARD MAY RELY IN REACHING ITS DECISION. THE STATE AGENCY MAY THE PRESENT ANY WITNESSES IN ITS BEHALF OR ANY OTHER EVIDENCE TO SUPPORT ITS POSITION. THE PROCEDURES TO BE FOLLOWED IN HEARINGS RELATING TO AN AGENCY'S PASSING OVER AND HIRING OTHER THAN A DISABLE VETERAN WHO IS PLACED AT THE TOP OF THE REGISTER PURSUANT TO 74 O.S. 1971 817 [74-817] REQUIRE THE AGENCY TO COME FORWARD FIRST ITS PROOF AND MEET THE BURDEN BY PRESENTING "SUBSTANTIAL EVIDENCE" UPON WHICH THE STATE PERSONNEL BOARD MAY RELY IN REACHING ITS DECISION. THE INDIVIDUAL MAY THEN PRESENT ANY WITNESSES IN HIS BEHALF OR ANY OTHER EVIDENCE TO SUPPORT HIS POSITION. CITE: 70 O.S. 1970 Supp., 804 [70-804], 70 O.S. 1970 Supp., 803.1 [70-803.1] (MIKE MARTIN)